Honorable John C. Coughenour

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

MYRON G. BRANDON,

    Plaintiff,

v.

SHERYL ALLBERT, *et al.*,

    Defendants.

C10-0360-JCC

**ORDER**

This matter comes before the Court upon the report and recommendation of the Honorable Mary Alice Theiler, United States Magistrate Judge. (Dkt. No. 30). In addition to the report and recommendation, the Court has also considered Plaintiff's objections thereto. (Dkt. Nos. 32 & 34). Having reviewed the relevant record and having concluded that oral argument is unnecessary, the Court hereby ADOPTS the report and recommendation. The Court therefore DISMISSES this matter with prejudice.

## I.     BACKGROUND

This case sounds in allegations of deliberate indifference to a state prisoner's medical needs. Plaintiff is currently an inmate at the Monroe Corrections Complex Special Offenders Unit. Starting in January 2009, he complained of a hernia in his right side to certain named defendants. For more than one year, Defendants treated Plaintiff's hernia with exclusively non-surgical treatment, including pain medication, a prescription hernia belt, and counseling. In April 2010, Defendants decided that surgery was necessary in order to repair the hernia. The surgery was successfully performed on May 7, 2010. (Report and Recommendation 2–6 (Dkt. No. 30)).

Plaintiff filed this lawsuit in March 2010, before the surgery had been performed. Plaintiff's original theory was that Defendants were violating his Eight Amendment right to be free from cruel and unusual punishments by refusing to provide him with surgical treatment. Today, Plaintiff's theory is that Defendants violated his rights by having failed to provide him with surgical treatment in a more timely manner. (Objections 3 (Dkt. No. 34)).

This Court received the report and recommendation of Magistrate Judge Theiler in December 2010. Judge Theiler recommended that this Court dismiss Plaintiff's complaint for two separate reasons.First, Judge Theiler argued that Plaintiff has failed to demonstrate that he suffered "substantial harm" as a result of medical delay. (Report and Recommendation 10 (Dkt. No. 30)). Second, Judge Theiler argued that Plaintiff had failed to demonstrate that any delay was attributable to a "conscious disregard" of his health by Defendants.[1] (*Id.* 11).

---

[1]The magistrate judge also expressly rejected Defendants' argument that dismissal of Plaintiff's complaint was required under the principle of *res judicata.* Plaintiff had filed an earlier lawsuit in the Snohomish County Superior Court, which was dismissed in late 2009.

The magistrate judge agreed with Defendants that this state-court dismissal forever extinguished all of Plaintiff's claims that had accrued before August 14, 2009. She expressly rejected Defendants' argument that the dismissal foreclosed claims that accrued after that date, however. The magistrate judge therefore interpreted Plaintiff's complaint as a prayer for relief for alleged wrongs that had occurred between August 14, 2009 and May 7, 2010, the date on which the surgery occurred. The magistrate judge then proceeded to recommend dismissal on the merits. (Report and Recommendation 9 (Dkt. No. 30)).

Plaintiff filed objections to Judge Theiler's report and recommendation in March 2011. Plaintiff misunderstood the basis of the recommended dismissal. He argued that Judge Theiler had recommended dismissal under the principle of *res judicata.* Plaintiff also argued that hernia-related pain had prevented him from exercising, and that this lack of exercise increased his blood pressure, which in turn placed him "at risk for stroke or death." (Objections 2 (Dkt. No. 34)).

## II. LEGAL STANDARD

This Court's standard of review is explained in Rule 72 of the Federal Rules of Civil Procedure. In relevant part, Rule 72 provides:

> The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b)(3).

## III. RELEVANT LAW

An inmate's complaint of inadequate medical care amounts to a violation of the Eighth Amendment prohibition on cruel and unusual punishments if the inmate alleges "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Prison officials are deliberately indifferent to an inmate's serious medical needs when they "deny, delay or intentionally interfere with medical treatment." *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988). In order for a delay in medical treatment to constitute an Eighth Amendment violation, an inmate must allege that he suffered "substantial harm" which was attributable to the delay. *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990).

## IV. DISCUSSION

Because Plaintiff has failed to plead facts tending to indicate that he suffered "substantial harm" as a result of the alleged delay between August 2010 and his surgery in May 2011, he has failed to state a claim upon which relief can be granted. His complaint must therefore be dismissed.

ORDER, C10-0360-JCC
Page 3

Plaintiff's objections to the magistrate judge's report and recommendation cannot save his case. Plaintiff's purported harm is wholly hypothetical. He alleges that he today suffers from the "risk of stroke or death." Plaintiff therefore alleges that he suffers from potential future harms, rather than from actual concrete harms. A prisoner cannot rely upon hypothetical future harms to state a claim for deliberate indifference to his medical needs. He must instead allege actual "substantial harm." *See Wood*, 900 F.2d at 1335. Moreover, Plaintiff's hypothetical future injury is too attenuated from the alleged delay to qualify as having directly caused a substantial harm. He argues that the delay caused him to forego exercise, and that this lack of exercise caused him to suffer from a higher blood pressure, and finally, that this higher blood pressure has caused him to suffer from the "risk of stroke or death." The alleged harm of risk of stroke or death is therefore the result of a lengthy chain of causal relationships. Because the law requires that the harm have been proximately caused by the alleged delay, *see id.*, Plaintiff's claim fails.

**V.     CONCLUSION**

For the aforementioned reasons, the Court hereby ADOPTS the report and recommendation. (Dkt. No. 30). The Court therefore DISMISSES this matter with prejudice.

SO ORDERED this 9th day of May, 2011.

JOHN C. COUGHENOUR
United States District Judge